IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Charles Griggs, ) | C/A No. 0:13-608-MGL-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| US Department of Justice Federal Bureau of ) | |
| Prisons; FPC Bennettsville, SC; FPC Beckley, ) | |
| WV, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Steven Charles Griggs ("Plaintiff"), a self-represented litigant, brings this civil action against the named defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a resident of Virginia, and the defendants are a federal government entity and federal government facilities. Plaintiff asserts medical malpractice by physicians who treated him while he was imprisoned at the named facilities. Plaintiff brings his claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 ("FTCA"). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be dismissed.

**BACKGROUND**

Plaintiff alleges that, on May 19, 2008, he injured his back while working in the kitchen at the federal prison complex in Bennettsville, South Carolina. Although he immediately reported his injury, the treating physician, Dr. Bernios, and the medical staff allegedly failed to document his complaint as a work-related injury. Plaintiff asserts that he continued to complain about the severe pain he suffered, but the level of his pain was not correctly recorded. He further complains that Dr. Bernios diagnosed Plaintiff with arthritis, although he was ultimately found to have a ruptured disc

*PJG*

at the L5-S1 level. Plaintiff describes his claims as gross negligence, medical malpractice, failure to document, misdiagnosis, and generally "the failure to treat and care for a ruptured L5S1 disc," including:

> [F]ailure to properly diagnose, the denial of diagnostic testing, . . ., willful delays in obtaining consultation and treatment after diagnosis was obtained, willful use of pain and condition of injury as a means of discipline, forced to work with a ruptured L5S1 disc for 16 months, which progressively made the injury worse, pain and suffering for 31 months, permanent damage to my L5S1 disc, the additional 3 months of incarceration required to obtain treatment beyond my release date of 10-25-2010 to 1-14-2011.

(ECF No. 1 at 3.) Upon his release, Plaintiff filed for inmate accident compensation, which was denied on March 20, 2012.

Plaintiff claims that, as a result of the delay in treating his injury, he now suffers "a permanent condition of a degenerative disc with severe nerve damage and . . . constant pain and numbness." (*Id.* at 4.) Plaintiff asks that this court "hold the medical staff and the doctors liable for the many wrongful acts of failing to treat and care for" his injury and also "the negligence for the failure to properly document [his] work related injury." (*Id.* at 6.) He seeks $4 million in damages.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's

allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Moreover, even when the filing fee is paid, the court possesses the inherent authority to dismiss frivolous complaints. See Ross v. Baron, No. 12-1272, 2012 WL 3590914, at *1 (4th Cir. Aug. 22, 2012); see also Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v.

City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  Bulldog Trucking, Inc., 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  Pinkley, Inc., 191 F.3d at 399.  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id.  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  Id.

If a plaintiff's complaint pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  See Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448, 452-53 (4th Cir. 2012).  However, if the alleged federal claim is " 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,' " then subject matter jurisdiction does not exist.  Id. (citation omitted).

**DISCUSSION**

The Complaint appears to sound in negligence and medical malpractice. The FTCA provides for a limited waiver of the Government's sovereign immunity from suit[1] by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by

> the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Because the FTCA includes a limited waiver of the Government's immunity as a sovereign, the statute is to be strictly construed and its requirements strictly met. See Welch v. United States, 409 F.3d 646, 650-51 (4th Cir. 2005); see also Lane v. Pena, 518 U.S. 187, 192 (1996) (stating that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign").

According to the Complaint, Plaintiff sustained personal injury to his back while performing his prison job, and the defendants failed to properly document and treat his injury. However, under the Inmate Accident Compensation Act, 18 U.S.C. § 4126 (the "IACA"), Congress authorized Federal Prison Industries, Inc. ("FPI"), to compensate inmates for "injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.319. Federal prisoners

---

[1] The court notes that the United States is the only proper defendant to an FTCA claim. See Holmes v. Eddy, 341 F.2d 477 (4th Cir. 1965) (holding that federal agencies cannot be sued under the FTCA); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) (holding that "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction"); see also 28 U.S.C. § 1346(b) (providing that the district courts shall have jurisdiction for tort claims "against the United States"). However, even if Plaintiff were granted leave to amend his Complaint to name the proper defendant, such amendment would be futile for the reasons discussed above.

cannot recover under the FTCA for work-related injuries, as the IACA provides the exclusive remedy against the Government for injuries incurred in work-related incidents. See 28 C.F.R. § 301.319; United States v. Demko, 385 U.S. 149, 152-53 (1966); see also 28 C.F.R. § 301.102(a) (defining "work-related injury"); Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (holding that the IACA also "provides the exclusive remedy where a prisoner with a preexisting medical problem is subsequently injured in a work-related accident"); Aston v. United States, 625 F.2d 1210, 1211 (5th Cir. 1980) (*per curiam*) ("[T]he cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job."). Recovery is barred under the FTCA not only for the work-related injury, but also for the negligent treatment of that injury. Vander v. U.S. Dep't of Justice, 268 F.3d 661 (9th Cir. 2001); Wooten, 825 F.2d at 1044 ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials or when the injury stems from a negligent job assignment.") (citations omitted). Hence, Plaintiff's claims are subject to the provisions of the IACA, not the FTCA, and this court lacks jurisdiction to adjudicate his FTCA claim. Walker v. Reese, 364 F. App'x 872, 876 (5th Cir. 2010).

Indeed, the Complaint states that Plaintiff filed "through the Inmate Accident Compensation Committee, which was denied on 3-20-2012." (ECF No. 1 at 3.) Having been unsuccessful in pursuing his IACA claim, Plaintiff cannot now attempt to recover damages under the FTCA. See Vander, 268 F.3d 661; Wooten, 825 F.2d at 1044.

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 26, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).